## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **MARK A. JOHNSON** | CASE NO. 2:09-cv-00776 |
| 903 Preble Drive | |
| Blacklick, OH  43004 | JUDGE |
| | |
|        Plaintiff, | |
| | |
|   vs. | |
| | **COMPLAINT** |
| **USIS COMMERCIAL SERVICES, INC.** | |
| **(Aka HIRERIGHT)** | **(Jury Demand Endorsed Hereon)** |
| c/o Registered Agent | |
| Corporation Service Company | |
| 115 SW 89th Street | |
| Oklahoma City, OK  73139-8511 | |
| | |
|       Defendant. | |

\* \* \* \*

### NATURE OF THE ACTION

1.  Plaintiff, Mark A. Johnson ("Johnson"), brings this action against Defendant, USIS Commercial Services, Inc., also known as HireRight ("USIS"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

2.  USIS gave a grossly inaccurate background check report about Johnson to Vitran Express Inc. ("Vitran") a trucking company, which had deferred his employment pending its receipt of the report.  This report listed Johnson as the defendant in six (6) separate criminal cases involving a Marenda K. Johnson residing in the State of Virginia.  These criminal cases involved misdemeanor and felony drug crimes, and identified Johnson as having been "convicted" of such crimes.

3.  Because of USIS's reckless and inaccurate report, Vitran declined Johnson employment.  As a result, Johnson has suffered lost wages and substantial emotional distress.

**PARTIES**

4.      Johnson is and has been a resident of Franklin County, Ohio during all periods relative to this complaint.

5.      USIS is a corporation headquartered in Tulsa, Oklahoma and is a consumer reporting agency as defined by 15 U.S.C. § 1681a.  USIS conducts business in Ohio by providing Ohio employers with criminal background check reports regarding prospective employees.

**JURISDICTION AND VENUE**

6.      The Court has jurisdiction of this matter under 28 U.S.C. § 1331.

7.      Venue is proper in the Southern District of Ohio because a substantial part of the events or omissions giving rise to Johnson's claims occurred in the Southern District of Ohio.  28 U.S.C. § 1391(b).  Further, USIS is subject to personal jurisdiction in this district.  28 U.S.C. § 1391(c).

**FACTUAL ALLEGATIONS**

8.      On or about August 25, 2008, Johnson applied for a commercial truck driver position with Vitran, a long-haul trucking company with a terminal facility in Columbus, Ohio.

9.      Johnson has extensive commercial driving experience, garnering holding a clean class A Commercial Driver's License ("CDL") with Hazmat and Tanker endorsements.

10.      After completing his employment application, Johnson spoke with Vitran personnel, who advised that he would be hired pending receipt of a criminal background report.

11.      On or about August, 25, 2008, USIS provided Vitran with multi-page reports purportedly regarding Johnson.

12.      The report furnished to Vitran indicates that "Match was made using SSN Lastname Firstname (MAR) Birthdate" and continues to describe a Marenda K. Johnson as being

convicted of three traffic offenses as well as felony drug offenses, including possession of marijuana with intent to distribute.

13.    USIS provides criminal background reports instantaneously to employers via the internet, before providing such reports to consumers through the United States Mail.

14.    But here, despite its legal obligation to provide a copy of the report to Johnson at the same time it was provided to Vitran, USIS never provided Johnson with the report.

15.    Prior to USIS furnishing this report to Vitran, Johnson learned of other potential employers who had ordered and received identical reports linking Johnson to felony drug offenses committed by Marenda K. Johnson in Virginia.

16.    As a result, Johnson filed numerous disputes with USIS regarding the accuracy of its reports.  In response, USIS provided Johnson with corrected reports, but continued to provide the grossly inaccurate and defamatory report to employers.

17.    Despite the representations made by USIS in its report, Johnson is not in any way linked to Marenda K. Johnson from Virginia Beach, Virginia.

18.    Because of USIS's recklessness and false statements about Johnson and its repeated failure to correct the accuracy of its report, Vitran and numerous other prospective employers declined him employment.

19.    As a result of USIS's conduct, Johnson has sustained significant economic loss.

20.    Johnson is a "consumer" as defined by the Fair Credit Reporting Act "FCRA", 15 U.S.C. § 1681a(c).

21.    USIS is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

22.    The background check report created and provided by USIS to Vitran regarding

Johnson is a "consumer report" as defined by the FCRA, 15 U.S.C. § 1681a(d).

## COUNT ONE
### (Violation of 15 U.S.C. 1681k(a)(1))

23.     Johnson realleges and incorporates by reference all preceding allegations of law and fact.

24.     The consumer report regarding Johnson, created and provided by USIS to Vitran, contained inaccurate 'public records based' information, which had an adverse effect upon Johnson's ability to obtain employment.

25.     USIS failed to notify Johnson that public record information was reported to Vitran at the time such report was provided to Vitran in violation of 15 U.S.C. § 1681k(a)(1).

26.     USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages in the amount to be determined at trial pursuant to 15 U.S.C. § 1681n. Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. 1681o.

## COUNT TWO
### (Violation of 15 U.S.C. 1681k(a)(2))

27.     Johnson realleges and incorporates by reference all preceding allegations of law and fact.

28.     USIS failed to maintain strict procedures designed to insure that public record information used in employment criminal background reports was complete and up to date, in violation of 15 U.S.C. §1681k(a)(2).

29.     USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages pursuant to 15 U.S.C. § 1681n.  Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. 1681o.

## COUNT THREE
### (Violation of 15 U.S.C. 1681e(b))

30.     Johnson realleges and incorporates by reference all preceding allegations of law and fact.

31.     USIS negligently or willfully failed to follow reasonable procedures to assure the maximum possible accuracy of the information about Johnson when it prepared the August 25, 2008 report provided to Vitran in violation of 15 U.S.C. § 1681e(b).

32.     Specifically, USIS's violations arise from: (a) its disclosure of criminal cases relating to a person not Johnson, living in a different state, and having a different name, gender, and race than Johnson, and (b) failing to investigate whether the person with a felony drug history was in fact, Johnson.

33.     USIS provides criminal background reports to employers based solely on purported matches of the first three letters of the consumer's first name and the complete last name.

34.     Moreover, USIS fails to take reasonable steps to cross-reference names, dates of birth, social security numbers, race, gender, and other personal identifiers prior to providing reports which malign the character and integrity of the consumer.  This is especially true in a nation of more than three hundred million (300,000,000) citizens who may have the same names and dates of births.

35.     By failing to take reasonable steps to cross-reference similar names, dates of birth and social security numbers, race, and gender, USIS negligently or willfully provided an employer with grossly inaccurate information about Johnson, resulting in his loss of employment.

36.     USIS's conduct was willful, rendering USIS liable for actual damages and

5

punitive damages pursuant to 15 U.S.C. § 1681n.  Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. 1681o.

## COUNT FOUR
### (Violation of 15 U.S.C. §1681i(a)(1)(A))

37.     Johnson realleges and incorporates by reference all preceding allegations of law and fact.

38.     USIS failed to conduct a reasonable investigation to determine whether disputed information was accurate in violation of its obligations under 15 U.S.C. §1681i(a)(1)(A).

39.     USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages pursuant to 15 U.S.C. § 1681n.  Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. § 1681o.

## COUNT FIVE
### Violation of 15 U.S.C. § 1681i(a)(2)(A)

40.     Johnson realleges and incorporates by reference all preceding allegations of law and fact.

41.     USIS failed to provide notification of Johnson's dispute to the furnishers of the disputed information within five (5) business days of receiving Johnson's dispute in violation of 15 U.S.C. § 1681i(a)(2)(A).

42.     USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages pursuant to 15 U.S.C. § 1681n.  Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. § 1681o.

## COUNT SIX
### (Violation of 15 U.S.C. § 1681i(a)(2)(B))

43.     Johnson realleges and incorporates by reference all preceding allegations of law and fact.

44.     USIS failed to promptly provide all relevant information regarding Johnson's dispute to the person who provided the disputed information within the applicable time period in violation of 15 U.S.C. § 1681i(a)(2)(B).

45.     USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages pursuant to 15 U.S.C. § 1681n.  Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. § 1681o.

## COUNT SEVEN
### (Violation of 15 U.S.C. § 1681i(a)(5)(A)(i))

46.     Johnson realleges and incorporates by reference all preceding allegations of law and fact.

47.     USIS failed to promptly modify Johnson's report to following the completion of any reinvestigation such that Johnson's report remained inaccurate and continues to include criminal charges related to Marenda K. Johnson from Virginia Beach, Virginia.

48.     USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages pursuant to 15 U.S.C. § 1681n.  Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. § 1681o.

## COUNT EIGHT
### (Violation of 15 U.S.C. § 1681i(a)(5)(A)(ii))

49.     Johnson realleges and incorporates by reference all preceding allegations of law and fact.

50.     USIS failed to promptly notify the furnisher of the information that the information had been modified or deleted from Johnson's file.

51.     USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages pursuant to 15 U.S.C. § 1681n.  Alternatively, USIS's conduct was negligent,

rendering USIS liable for actual damages pursuant to 15 U.S.C. § 1681o.

### COUNT EIGHT
### (Violation of 15 U.S.C. § 1681i(a)(5)(B)(i))

52.     Johnson realleges and incorporates by reference all preceding allegations of law and fact.

53.     USIS unlawfully reinserted disputed information in Johnson's report without certification from the furnisher of the information that the information is complete and accurate in violation of 15 U.S.C. 1681i(a)(5)(B)(i).

54.     USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages in the amount to be determined at trial pursuant to 15 U.S.C. § 1681n. Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. § 1681o.

### COUNT NINE
### (Violation of 15 U.S.C. § 1681i(a)(5)(B)(ii))

55.     Johnson realleges and incorporates by reference all preceding allegations of law and fact.

56.     USIS failed to notify Johnson in writing, or otherwise, that it reinserted disputed information in his report within five (5) business days after the reinsertion in violation of 15 U.S.C. § 1681i(a)(5)(B)(ii).

57.     USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages in the amount to be determined at trial pursuant to 15 U.S.C. § 1681n. Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. § 1681o.

### COUNT TEN
### (Violation of 15 U.S.C. § 1681i(a)(5)(B)(iii))

58.     Johnson realleges and incorporates by reference all preceding allegations of law and fact.

59.     After USIS reinserted the disputed information into Johnson's report, it failed to provide Johnson with the business name, address, and telephone number of the furnisher of the disputed information along with notice to Johnson that he has a statutory right to add a statement to his file disputing the accuracy or completeness of the disputed information in violation of 15 U.S.C. § 1681i(a)(5)(B)(iii).

60.     USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages pursuant to 15 U.S.C. § 1681n.  Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. § 1681o.

**COUNT ELEVEN**
**(Violation of 15 U.S.C. § 1681i(a)(5)(C)**

61.     Johnson realleges and incorporates by reference all preceding allegations of law and fact.

62.     USIS failed to maintain reasonable procedures to prevent the reappearance in Johnson's file and reports regarding Johnson of false information that should have been deleted, in violation of 15 U.S.C. § 1681i(a)(5)(C).

63.     USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages pursuant to 15 U.S.C. § 1681n.  Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. § 1681o.

**COUNT TWELVE**
**(Violation of 15 U.S.C. § 1681i(a)(5)(D)**

64.     Johnson realleges and incorporates by reference all preceding allegations of law and fact.

65.     USIS compiles and maintains files regarding consumers on a nationwide basis.

66.     USIS failed to implement and maintain an automated system through which furnishers of information to USIS may report the results of any reinvestigation that finds incomplete or inaccurate information in Johnson's file, in violation of 15 U.S.C. § 1681i(a)(5)(D).

67.     USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages pursuant to 15 U.S.C. § 1681n.  Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. § 1681o.

## COUNT THIRTEEN
### (Violation of 15 U.S.C. § 1681i(c))

68.     Johnson realleges and incorporates by reference all preceding allegations of law and fact.

69.     USIS failed to clearly note in reports provided to prospective employers after Johnson disputed information in his report, that the information was disputed by Johnson along with any statements by Johnson regarding the disputed information or a clear and accurate codification or summary thereof, in violation of 15 U.S.C. § 1681i(c).

70.     USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages pursuant to 15 U.S.C. § 1681n.  Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. § 1681o.

**WHEREFORE,** the Plaintiff, Mark A. Johnson prays that this Court enter judgment in

his favor and against Defendant, USIS Commercial Inc., on all counts and award him:

    A.    Monetary damages to compensate him for his lost wages and emotional distress;

    B.    Punitive damages to deter such willful and reckless conduct in the future;

    C.    His court costs and attorneys' fees; and

    D.    Any other relief this Court deems equitable and just.

Respectfully submitted,

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA

By:    /s/ Dennis M. O'Toole
        Dennis M. O'Toole (0003274)
        Attorneys for Plaintiff
        5455 Detroit Road
        Sheffield Village, Ohio  44054
        Telephone:    (440) 930-4001
        Facsimile:    (440) 934-7208
        Email:    sheffieldlaw@sheffieldlaw.com

## **JURY DEMAND**

Plaintiff demands a trial by a jury of eight (8) as to all issues presented herein.

    /s/ Dennis M. O'Toole
    Dennis M. O'Toole

G:\26\26444-2\Complaint Revised Sept 2.Docx

11