IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

| | |
|---|---|
| MARK A. JOHNSON, | : |
| Plaintiff, | : |
| v. | : Case No. 2:09-cv-00776 |
| | : |
| HIRERIGHT SOLUTIONS, INC., | : Judge Sargus |
| | : |
| Defendant. | : Magistrate Judge Kemp |

## ANSWER TO COMPLAINT

Comes now Defendant HireRight Solutions, Inc. (f/k/a USIS Commercial Services, Inc.) ("Defendant") for its Answer and Affirmative and Other Defenses to the Complaint of Plaintiff Mark A. Johnson ("Plaintiff"), states and alleges as follows:[1]

1. Defendant admits only that Plaintiff purports to bring various claims against it for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. Defendant admits that it provided Vitran Express with information about Plaintiff in or about August 2008, including information about Plaintiff's misdemeanor assault conviction in Davidson County, Tennessee. Defendant is without information sufficient to form a belief as to the truth of the allegation that Vitran "deferred [Plaintiff's] employment pending its receipt of the report." Therefore, Defendant denies that allegation. Except as admitted, Defendant denies the balance of the allegations in ¶ 2.

3. Denied as to ¶ 3.

---
[1] Plaintiff's Complaint names "USIS Commercial Services, Inc. a/k/a HireRight" as Defendant, but the correct legal name for Defendant is HireRight Solutions, Inc., f/k/a USIS Commercial Services, Inc.

4. Defendant is without information sufficient to form a belief as to the truth of the allegations in ¶ 4. Therefore, Defendant denies those allegations.

5. Defendant admits that: (1) it maintains offices and is incorporated in the State of Oklahoma; and (2) it provides a variety of background screening and risk management solutions to a global clientele, including customers in the State of Ohio. Except as admitted, Defendant denies the balance of the allegations in ¶ 5.

6. Admitted.

7. Defendant admits that it provides a variety of background screening and risk management solutions to a global clientele, including customers in the State of Ohio. Except as admitted, Defendant denies the balance of the allegations in ¶ 7.

8. Defendant is without information sufficient to form a belief as to the truth of the allegations in ¶ 8 as stated. Therefore, Defendant denies those allegations.

9. Defendant is without information sufficient to form a belief as to the truth of the allegations in ¶ 9 as stated. Therefore, Defendant denies those allegations.

10. Defendant is without information sufficient to form a belief as to the truth of the allegations in ¶ 10 as stated. Therefore, Defendant denies those allegations.

11. Defendant admits that it provided Vitran Express with information about Plaintiff in or about August 2008, including information about Plaintiff's misdemeanor assault conviction in Davidson County, Tennessee. Except as expressly admitted, Defendant denies the allegations in ¶ 11.

12. Denied as stated. Defendant admits only that the phrase "MATCH WAS MADE USING SSN LASTNAME FIRSTNAME (MAR) BIRTHDAY" was contained in the report it provided to Vitran Express.

13. Denied as stated.

14. Denied as stated.

15. Defendant is without information sufficient to form a belief as to the truth of the allegations in ¶ 15. Therefore, Defendant denies those allegations.

16. Defendant admits that Plaintiff contacted Defendant with concerns about consumer reports that Defendant compiled about Plaintiff. Defendant also admits that Defendant responded to Plaintiff's concerns about said consumer reports. Except as expressly admitted, Defendant denies the allegations in ¶ 16.

17. Defendant is without information sufficient to form a belief as to the truth of the allegations in ¶ 17. Therefore, Defendant denies those allegations.

18. Denied as to ¶ 18.

19. Denied as to ¶ 19.

20. Admitted.

21. Defendant admits that it provides a variety of background screening and risk management solutions to a global clientele, including customers in the State of Ohio. Except as admitted, Defendant denies the balance of the allegations in ¶ 21.

22. Admitted.

23. Defendant incorporates its answers to ¶¶ 1-22 above, in response to ¶ 23.

24. Denied as to ¶ 24.

25. Denied as to ¶ 25.

26. Denied as to ¶ 26.

27. Defendant incorporates its answers to ¶¶ 1-26 above, in response to ¶ 27.

28. Denied as to ¶ 28.

29. Denied as to ¶ 29.

30. Defendant incorporates its answers to ¶¶ 1-29 above, in response to ¶ 30.

31. Denied as to ¶ 31.

32. Denied as to ¶ 32.

33. Denied as to ¶ 33.

34. Denied as to ¶ 34.

35. Denied as to ¶ 35.

36. Denied as to ¶ 36.

37. Defendant incorporates its answers to ¶¶ 1-36 above, in response to ¶ 37.

38. Denied as to ¶ 38.

39. Denied as to ¶ 39.

40. Defendant incorporates its answers to ¶¶ 1-39 above, in response to ¶ 40.

41. Denied as to ¶ 41.

42. Denied as to ¶ 42.

43. Defendant incorporates its answers to ¶¶ 1-42 above, in response to ¶ 43.

44. Denied as to ¶ 44.

45. Denied as to ¶ 45.

46. Defendant incorporates its answers to ¶¶ 1-45 above, in response to ¶ 46.

47. Denied as to ¶ 47.

48. Denied as to ¶ 48.

49. Defendant incorporates its answers to ¶¶ 1-48 above, in response to ¶ 49.

50. Denied as to ¶ 50.

51. Denied as to ¶ 51.

52. Defendant incorporates its answers to ¶¶ 1-51 above, in response to ¶ 52.

53. Denied as to ¶ 53.

54. Denied as to ¶ 54.

55. Defendant incorporates its answers to ¶¶ 1-54 above, in response to ¶ 55.

56. Denied as to ¶ 56.

57. Denied as to ¶ 57.

58. Defendant incorporates its answers to ¶¶ 1-57 above, in response to ¶ 58.

59. Denied as to ¶ 59.

60. Denied as to ¶ 60.

61. Defendant incorporates its answers to ¶¶ 1-60 above, in response to ¶ 61.

62. Denied as to ¶ 62.

63. Denied as to ¶ 63.

64. Defendant incorporates its answers to ¶¶ 1-63 above, in response to ¶ 64.

65. Admitted.

66. Denied as to ¶ 66.

67. Denied as to ¶ 67.

68. Defendant incorporates its answers to ¶¶ 1-67 above, in response to ¶ 68.

69. Denied as to ¶ 69.

70. Denied as to ¶ 70.

71. Defendant denies each and every allegation set forth in the Complaint, which has not been expressly admitted as true in the foregoing Paragraphs.

# AFFIRMATIVE DEFENSES

AS ITS FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each and every cause of action contained therein, fail to state a claim upon which relief can be granted.

AS ITS SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part by the doctrines of waiver, laches, estoppel, unclean hands and/or *in pari delicto*.

AS ITS THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because, at all material times, Defendant acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by Defendant at the time and did not at any time willfully or negligently fail to comply with applicable law, if any, including but not limited to Sections 607(b) and 611 of the Fair Credit Reporting Act.

AS ITS FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because the alleged losses or harms sustained by Plaintiff, if any, resulted from causes other than any alleged act or omission by Defendant or its agents or employees, including but not limited to acts or omissions by third parties.

AS ITS FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because Defendant satisfied all obligations that it had, if any, under applicable law.

AS ITS SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's recovery is limited in whole or in part by Plaintiff's failure to mitigate his alleged damages and also by the doctrine of avoidable consequences and all similar and equivalent doctrines.

AS ITS SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to state a claim for which attorney's fees and costs may be granted.

AS ITS EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to state a claim for which punitive damages may be awarded.

AS ITS NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that both Plaintiff's substantive claims and his claims for damages (including but not limited to Plaintiff's claim under Sections 607, 611 and 613 of the Fair Credit Reporting Act), which seek to recover, among other things, punitive damages and/or penalties, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution and corresponding Articles of the Ohio Constitution. Defendant specifically alleges that Section 616 of the Fair Credit Reporting Act is unconstitutionally vague.

AS ITS TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint is barred in whole or in part because, to the extent, if any, that Defendant was or is subject to Section 607(b) of the Fair Credit Reporting Act, Defendant maintained and used, at all relevant times, reasonable procedures to assure the maximum accuracy of information within the meaning of Section 607(b) and otherwise. Defendant similarly alleges that Plaintiff's Complaint is barred in whole or in part because, to the extent, if any, that Defendant was or is subject to Section 613 of the Fair Credit Reporting Act, Defendant either

timely issued an appropriate consumer notice or maintained and used, at all relevant times, strict procedures within the meaning of Section 613 and otherwise.

AS ITS ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because, to the extent, if any, that Defendant was or is subject to the Fair Credit Reporting Act, any information provided about or regarding Plaintiff was public record information that was in good faith gathered and provided to a specific customer, without malice, recklessness or any intent to cause harm.

AS ITS TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint fails to properly state a claim upon which pre-judgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

AS ITS THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint is barred, in whole or in part, because the cited statutory provisions, even if applicable, are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution to, among other things, due process of law.

AS ITS FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to the extent that Plaintiff seeks to recover for any alleged harm that is outside of the applicable statute of limitations, such claims are barred by the applicable statute of limitations.

AS ITS FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred because Plaintiff

did not suffer any cognizable damage or other harm as a proximate result of any act or omission of Defendant.

AS ITS SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred because the alleged losses or harms sustained by Plaintiff, if any, resulted from the acts or omissions of Plaintiff.

## **RESERVATION OF ADDITIONAL DEFENSES**

Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in the law support the inclusion of new and/or additional affirmative defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays:

1. That Plaintiff take nothing by his Complaint;

2. That the Complaint be dismissed in its entirety with judgment entered against Plaintiff and in favor of Defendant on all of Plaintiff's causes of action;

3. That Plaintiff be ordered to pay Defendant its attorney's fees and costs of suit; and

4. For such other and further relief as the Court may deem proper.

Respectfully submitted,

*/s/ Margaret C. Bettendorf*
Margaret C. Bettendorf, Trial Attorney (0068522)
Tracy Stott Pyles, Of Counsel (0074241)
Littler Mendelson, P.C.
21 East State Street, Suite 1600
Columbus, Ohio 43215
Telephone: 614.463.4201
Facsimile: 614.221.3301
mbettendorf@littler.com
tpyles@littler.com
*Attorneys for HireRight Solutions, Inc. (f/k/a USIS Commercial Services, Inc.)*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing has been filed via the electronic filing system on December 4, 2009. Notice of filing will be performed by the Court's electronic filing system, and the Parties may access the document through the electronic filing system.

*/s/ Margaret C. Bettendorf*
*An Attorney for HireRight Solutions, Inc. (f/k/a USIS Commercial Services, Inc.)*

Firmwide:92665309.1 061997.1015