# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MARK A. JOHNSON,** | : |
| Plaintiff, | : |
| | : Case No. 2:09-cv-0776 |
| v. | : |
| | : Judge Sargus |
| **HIRERIGHT SOLUTIONS, INC.,** | : |
| | : Magistrate Judge Kemp |
| Defendant. | : |
| | : |
| | : |

## STIPULATED PROTECTIVE ORDER

The parties to this action, Defendant HireRight Solutions, Inc. ("Defendant") and Plaintiff Mark Johnson ("Plaintiff") (collectively referred to herein as "the Parties"), by their respective counsel, hereby stipulate and agree, and the Court hereby enters the following order:

**A.     Scope:** The protections conferred by this Stipulation and Protective Order ("Order") shall govern all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items (as defined below) produced or disclosed in this litigation by either party (the "Designating Party") to the other party ("the Receiving Party"), as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal the "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

**B.     Duration:** Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

1

C.  **Confidential Information or Items:** "CONFIDENTIAL" Information or Items means any information or item that is stamped with "CONFIDENTIAL."

D.  **Highly Confidential – Attorneys' Eyes Only Information or Items:** "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items means extremely "CONFIDENTIAL" Information or Items whose disclosure would create a substantial risk of serious injury that could not be avoided by less restrictive means.

E.  **Protected Material:** "Protected Material" means any disclosure or discovery material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

F.  **Designating Protected Material:** Protected Material shall be designated and marked as follows:

(1) A document is to be designated as Protected Material by stamping or writing on it one of the following legends, or an equivalent thereof: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Whichever legend is used shall be placed on the first page of the document and on each page that the Designating Party claims to contain Protected Material.

(2) Information or material produced in a magnetic medium (such as floppy diskette or tape) is to be designated as Protected Material by marking or labeling the medium or medium container with one of the legends specified in Paragraph (F)(1) above. If any person or entity who receives such a designated magnetic medium prints or otherwise transfers to another medium any of the information contained on the magnetic medium, any resulting document or other medium shall be marked by the person or entity producing such copy as Protected Material in accordance with the marking on the medium or medium container.

2

(3) A physical exhibit is to be designated as Protected Material by affixing to it a label with one of the legends specified in Paragraph (F)(1) above.

(4) A discovery response is to be designated as Protected Material by placing, on the first page of the set of responses and on each page that contains information that the Designating Party claims to be Protected Material, one of the legends specified in Paragraph (F)(1) above.

(5) In producing original files and records for inspection, no marking needs to be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the copies of such documents as may contain Protected Material at the time the copies are produced to the inspecting party.

(6) Portions of or the entirety of a deposition transcript (including exhibits) are to be designated as Protected Material (a) by making a statement to that effect on the record, during the deposition, or (b) by sending to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, within ten (10) days after counsel for the Designating Party receives the deposition transcript, a letter or other written notice designating certain portions of, or the entirety, of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The letter or other notice shall cite this Order, identify the appropriate level of confidentiality, and identify the pages and lines, and/or exhibits, to be designated as Protected Material. Each copy of the transcript, and portions thereof, so designated shall be marked, by the

3

person receiving the letter or other notice, with the legend specified in Paragraph (F)(1) above indicating the level of confidentiality claimed by the Designating Party and shall be governed by the terms of this Order.

If a deposition or portion thereof is designated on the record, during the deposition, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the deposition shall continue in the absence of all persons to whom access to the Protected Material is not permitted under this Order. Copies of the portion of the transcript containing Protected Material may be provided only to persons permitted by the other provisions of this Order to receive such Protected Material.

Each deposition transcript shall be treated as containing in its entirety "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information during the ten (10) day period after receipt of the transcript by counsel for the Designating Party during which counsel for the Designating Party may identify "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information from the transcript.

G. **Inadvertent Failures to Designate**: Any Protected Material that is inadvertently produced without written notice or designation of its restricted nature may be so designated by the Designating Party or non-party within a reasonable time following the discovery that such materials were produced without appropriate designation. The correction shall be made in writing and shall be accompanied by substitute copies of each item, appropriately marked as Protected Material. Within five (5) days of receipt of the substitute copies, the Receiving Party shall return or destroy the previously unmarked, or incorrectly marked, items and all copies thereof. The Designating Party may seek *ex parte* relief from the Court to address any situation

where the Receiving Party refuses, either directly or indirectly, to accord proper treatment of materials after notice of an inadvertent failure to designate by the Designating Party.

**H.     Objections to the Designation of Protected Material:** If any party objects to the designation of any discovery materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the objecting party and the Designating Party shall attempt to resolve the dispute in good faith on an informal basis. In conferring, the objecting party must explain the basis for its belief that the designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation. If they are unable to resolve the dispute informally, the objecting party may move for relief from this Order with respect to the designation of the challenged discovery materials. If the objecting party makes such a motion, the discovery materials shall continue to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Order, until the Court rules on such motion. In any proceeding to release discovery materials from their designation, the burden of persuasion shall be upon the Designating Party to establish the appropriateness of the designation. A dispute concerning confidentiality designations shall not otherwise impede the progress of discovery in this case.

**I.     Permissible Disclosure of "CONFIDENTIAL" Information or Items:** Subject to the provisions in this Paragraph I, the Receiving Party may show and deliver information or items stamped with "CONFIDENTIAL" to the following people:

>   (1)    Counsel of record for the Parties to this litigation, including necessary secretarial, clerical and litigation support or copy service personnel assisting such

counsel; in-house counsel for Defendant; and appellate counsel should any party lodge an appeal;

(2) The Parties to this litigation, including any corporate designee of Defendant;

(3) Stenographic employees, court reporters and videographers recording or transcribing testimony in this litigation;

(4) The Court, Mediator, and any members of their staff to whom it is necessary to disclose the information;

(5) Witnesses; and

(6) Deponents.

If the Receiving Party provides "CONFIDENTIAL" Information or Items to any person entitled to such information by the terms of this Order, such person shall be provided with a copy of this Order, which he or she shall read. Upon reading this Order, such person shall sign a Consent to be Bound (the form attached hereto as Exhibit A), acknowledging that he or she has read the Order and shall abide by its terms. The Receiving Party shall retain all executed Consents until the end of the instant litigation. No more than sixty (60) calendar days after the end of litigation in the instant case (as defined immediately below), the Receiving Party shall provide all executed Consents to the Designating Party.

The instant litigation is at an end when (a) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (b) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (c) all available appeals have concluded or the time for such appeals has expired; and (d) any post appeal proceedings have themselves concluded.

6

**J. Disclosure of Materials Designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY":** Information and material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to the following persons, unless the Designating Party first otherwise agrees in writing or the Court first otherwise orders:

(1) Counsel of record for the parties to this litigation, including necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel; in-house counsel for Defendant; and appellate counsel should any party lodge an appeal.

(2) The Court, court personnel and court reporters;

(3) Deposition witnesses, where at least one of the following conditions applies: (a) the witness is an employee of the Designating Party when the disclosure is made; (b) the attorney taking the deposition and showing the witness the Attorneys' Eyes Only material represents the Designating Party; (d) the Designating Party has consented on the record of the deposition to the showing of the Attorneys' Eyes Only material to the witness; or (d) the witness is otherwise authorized hereunder to receive the disclosed Attorneys' Eyes Only material; and

(4) Experts (as defined below) (a) to whom disclosure is reasonably necessary for litigation; (b) who have signed the Consent to be Bound in the form attached as Exhibit A); and (c) as to whom the procedures set forth below in paragraph (J)(5), below, have been followed.

(5) "Experts" as that term is defined for purposes of this Order is a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at

the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (a) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (b) sets forth the full name of the Expert and the city and state of his or her primary residence, (c) attaches a copy of the Expert's current resume, (d) identifies the Expert's current employer(s), (e) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (f) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement. If they are unable to resolve the dispute informally, the Party seeking to make the disclosure to the Expert may move for relief from this Order, seeking permission from the court to do so. Any such motion must describe the

8

circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**K.** **Use of Protected Materials:** Protected Material shall only be used for preparing for and prosecuting this specific case, until the completion of the judicial process, including appeal. No person to whom this information is disclosed shall cause or indirectly or directly authorize or permit it to be used for any other purpose of any kind whatsoever, including but not limited to preparing for and/or prosecuting any other case, claim, cause of action, grievance or action against Defendant HireRight Solutions, Inc. and/or its predecessors, successors, heirs, assigns, current and former employees, shareholders, officers, directors, agents, subcontractors, customers, attorneys, subsidiaries, divisions, parent companies, holding companies or affiliated corporations or organizations, including but not limited to HireRight, Inc. and HireRight Records Services, Inc. (f/k/a USIS Records Services).

Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to his or her client with respect to this specific litigation and, in the course thereof, relying upon Protected Materials provided that, in rendering such advice, counsel shall not disclose the other party's Protected Materials other than in a manner expressly provided for in this Order.

If Protected Material is used, in any depositions taken in this matter, a copy of this Order shall be attached as an exhibit to said deposition transcript and the court reporter shall be subject

to said Order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant litigation. Furthermore, any audiotape and/or videotape of said deposition shall be subject to this Order. A copy of this Order shall be attached as an exhibit to said audiotape and/or videotape and the court videographer shall be subject to this Order and precluded from providing the original deposition videotape or portions thereof, any copies thereof or portions of copies thereof, to any persons or entities other than counsel of record. Any audiotape shall similarly be subject to this Order and all persons shall be precluded from providing the original deposition audiotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant litigation.

Additionally, unless otherwise agreed to by authorized representatives of the Parties, only the following persons and no others shall be attend any deposition whereat any Protected Material is used: the Receiving Party, the Designating Party, any party's counsel in this action, the court reporter, the court videographer, if any, and any of the Parties in this litigation (including in-house counsel and any corporate representatives for Defendant). Those attending any depositions using Protected Material shall not disclose to any person or entity not otherwise entitled to the Protected Material, in any manner, including orally, any statements made by the deponents during the course of said depositions referencing Protected Material, and any such disclosure shall be construed as a violation of this Order.

**L.** **Unauthorized Disclosure of Protected Material:** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures; (2) use

10

its best efforts to retrieve all copies of the Protected Material; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) request such person or persons to execute the Consent to be Bound that is attached hereto as Exhibit A.

**M.** **Filing Protected Material:** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any Protected Materials. Documents may be filed under seal only with the Court's prior permission in each instance. The Parties shall use the following procedure for submitting to the Court papers consisting of, relating to, containing, incorporating, reflecting, describing or attaching Protected Material:

> All pretrial discovery and non-discovery-related motions, memoranda of law, and exhibits annexed thereto that contain Protected Material shall be filed in accordance with Local Rule 79.3 by placing the original document in a sealed envelope conspicuously marked "DOCUMENTS UNDER SEAL" with the case caption and a descriptive title of the document notated thereon. Protected Material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79.3.

Pursuant to Local Rule 79.1, all Protected Material contained in documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" used at trial and in all post-trial proceedings shall not be withdrawn from the Court's files, unless a separate court order is obtained upon noticed motion and sufficient cause shown.

Nothing herein shall prejudice the Parties' rights to object to the introduction of any Protected Material into evidence on grounds, including, but not limited to, relevance and privilege.

**N.** **Protection of Protected Material:** Counsel shall take all reasonable and necessary steps to assure the security of any Protected Material and will limit access to Protected Material to only those persons authorized by this Order.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material. In no event should production or disclosure be made without written approval by the original Designating Party unless required by Court order.

**O.** **Final Disposition:** Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written Consent to be Bound to the Producing Party by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

  **P.**  **Miscellaneous Provisions:** It is expressly understood by and between the Parties that in producing Protected Material in this litigation, the Parties are relying upon the terms and conditions of the Order.

This Order may be modified or amended by written agreement of the Parties, or by further order of the Court for good cause shown.

It is the understanding of the Parties that this Order is not intended to unduly restrict the use and admissibility of evidence presentable in court under the Federal Rules of Evidence, but rather is intended to insure that all reasonable and diligent efforts will be made to preserve the confidentiality of designated documents, testimony, information, and material.

**IT IS SO ORDERED.**

  Dated this \_\_\_\_ day of \_\_\_March\_\_\_\_, 2010.

        BY THE COURT:

        _____
        **JUDGE SARGUS**

**APPROVED BY:**

| | |
|---|---|
| */s/ Matthew A. Dooley*  *per authorization* | */s/ Jeffrey S. Hiller* |
| Dennis M. O'Toole, Esq. (0003274) | Jeffrey S. Hiller, Esq. (0081533) |
| Matthew A. Dooley, Esq. (0081482) | Tracy Stott Pyles, Esq. (0074241) |
| STUMPHAUZER, O'TOOLE, | LITTLER MENDELSON, P.C. |
| McLAUGHLIN, McGLAMERY & | 21 East State Street |
| LOUGHMAN CO., L.P.A. | Suite 1600 |
| 5455 Detroit Road | Columbus, OH 43215 |
| Sheffield Village, Ohio 44054 | Phone: 614.463.4201; Fax: 614.221.3301 |
| Phone: 440.930.4001; Fax: 440.934.7208 | jhiller@littler.com |
| dotoole@sheffieldlaw.com | tpyles@littler.com |
| mdooley@sheffieldlaw.com | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARK A. JOHNSON,** | |
| Plaintiff, | |
| | Case No. 2:09-cv-0776 |
| v. | |
| | Judge Sargus |
| **HIRERIGHT SOLUTIONS, INC.,** | |
| | Magistrate Judge Kemp |
| Defendant. | |

## **CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, declare:

1. My address is _____. My present occupation is _____.

2. I have received a copy of the protective order in this litigation. I have carefully read and understand the provisions of the protective order, and that it reflects an order of the Court, not just an agreement between counsel.

3. I will scrupulously comply with all of the provisions of the protective order. I will hold in confidence, will not disclose to anyone other than those persons specifically and expressly authorized by the protective order, and will not copy or use except for purposes of this action, any Protected Material which I directly or indirectly receive or review in this action.

4. I understand that any unauthorized use or disclosure of the Protected Material I receive constitutes a violation of this Protective Order, which may be redressed by an appropriate remedy, including, but not limited to sanctions and penalties from the Court for contempt.

I declare under penalty of perjury under the laws of the United States of America and applicable state law that the foregoing is true and correct.

Executed this _____ day of _____, _____, at _____.

_____.

Firmwide:94685329.1 061997.1015